IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEASUNG JAY YOO, | ) | CASE NO.  1:25 CV 403 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

## I. Introduction

*Pro se* plaintiff Jeasung Jay Yoo filed this civil rights complaint against JPMorgan Chase

Bank, N.A. ("Chase") alleging breach of contract, violations of the Uniform Commercial Code,

and lack of consideration. (Doc. No. 1). Plaintiff seeks compensatory, declaratory, and injunctive

relief.

## II. Background

Plaintiff's complaint concerns two credit card accounts with Defendant–Credit Card No.

3555 and Credit Card No. 4672. Plaintiff opened Credit Card No. 3555 as agent for Bolster, Ltd.,

a corporation, and Credit Card No. 3555 is a business credit card account. (*See* Doc. No. 1 at 4;

Doc. No. 1-8 at 52). Credit Card No. 4672 is a consumer credit card in Plaintiff's name. (Doc.

No. 1 at 4).  It appears that both accounts were closed, with a remaining balance of $41,644.77

on Credit Card No. 3555 and a balance of $17,335.85 on Credit Card No. 4672. (*See* Doc. No. 1-

2 at 70-71; Doc. No. 1-8 at 49-53)

On March 12, 2024, Chase filed a complaint against Yoo in the Cuyahoga County Court of Common Pleas for nonpayment of account and unjust enrichment on Credit Card No. 4672. *JPMorgan Chase Bank N.A. v. Yoo*, No. CV-24-994293 (Cuy. Cty C.P. filed Mar. 12, 2024). On February 18, 2025, Chase filed a motion for summary judgment in the state case. Thereafter, Yoo filed numerous documents in an apparent response to Chase's motion. In these documents, Yoo claimed that Chase violated the UCC and it lacked consideration, and Yoo demanded the elimination of the balances purportedly due Chase on both credit card accounts. The state court granted Chase's motion for summary judgment and entered judgment against Yoo on Credit Card No. 4672 for $17,335.85. *Id.* Yoo then appealed this judgment to the Eighth District Court of Appeals. *See JPMorgan Chase Bank, N.A. v. Yoo*, No. CA-25-114993 (8th Dist. Ct. App. filed Apr. 5, 2025). That appeal is still pending. *Id.*

On May 5, 2025, Chase filed a motion to dismiss this civil rights action (Doc. No. 21), which Yoo opposed.

### III. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

In reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the

complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

Furthermore, "[i]t is well-established that the federal courts are under an independent obligation to examine their own jurisdiction" in cases before them. *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006). Federal district courts "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Fedral Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)).

-3-

## IV. Discussion

### A. Credit Card No. 3555

A party may plead and conduct his or her case *pro se*, on his own behalf, or through a

licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305,

1308 (2d Cir. 1991).  A *pro se* litigant, however, may not represent anyone other than himself or

herself. *See e.g. Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.1998) ("[I]n federal court a

party can represent himself or be represented by an attorney, but [he] cannot be represented by a

nonlawyer"); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a

non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney

for others than himself"); *see also Jackson v. Kment*, E.D. Mich. No. 13 CV 10819, 2016 U.S.

Dist. LEXIS 33684, * 20 (Mar. 16, 2016) (finding Plaintiff lacks standing to seek injunctive

relief on behalf of "his friends and family members").

Moreover, "[a] corporation, partnership, or association may appear in federal courts only

through licensed counsel and not through the *pro se* representation of an officer, agent, or

shareholder." *Rowland v. California Men's Colony*, 506 U.S. 194, 201, 203, 113 S. Ct. 716, 721,

722, 121 L. Ed. 2d 656 (1993); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984)

("The rule of this circuit is that a corporation cannot appear in federal court except through an

attorney.").

Here, Credit Card No. 3555 was issued to Bolster, Ltd.. And nothing in the record

suggests Plaintiff is a licensed attorney. He therefore cannot represent the interests of Bolster,

Ltd., even as an agent or officer of the corporation.

Furthermore, it is not clear that Plaintiff has standing to bring claims in this action

concerning Credit Card No. 3555. To have standing to assert a claim, the party must assert his own legal rights and interests and he cannot rest his claim to relief on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975); *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). Credit Card No. 3555 is a business credit card account with Bolster, Ltd. It appears that Plaintiff, as purported agent for Bolster, Ltd., alleges Defendant breached a contract (among other claims) with Bolster, Ltd. concerning Credit Card No. 3555. Plaintiff has not alleged sufficient facts suggesting that he was a party to the business credit card account. The fact that he may be collaterally affected by the adjudication of Bolster, Ltd.'s rights does not necessarily extend standing to him. *Allstate Insurance Co.*, 760 F.2d at 692.

Accordingly, any claims concerning Credit Card No. 3555 must be dismissed.

### B. Credit Card No. 4672

The state court case concerning Credit Card No. 4672 is currently pending in the Eighth District Court of Appeals. To that extent, the Court must abstain from hearing challenges to the state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

The comity based abstention doctrine developed in the Supreme Court case of *Younger v. Harris* prevents federal courts from interfering in pending state court criminal proceedings unless there is an extraordinary circumstance where "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. The *Younger* abstention doctrine reflects the strong federal policy against federal interference with state judicial proceedings and promotes the presumption that state courts are equally competent at safeguarding federal constitutional rights.

*Id.* The Supreme Court extended *Younger* "to noncriminal judicial proceedings when important state interests are involved." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982) (citations omitted).

When an individual is the subject of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case in federal court, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims, not whether Plaintiff was successful in obtaining the relief he requested. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). Plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the

contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 U.S. Dist. LEXIS 142061, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, all three factors supporting abstention are present. Plaintiff's appeal of Cuyahoga County Court of Common Pleas Case No. CV-24-994293 to the Eight District Court of Appeals in Case No. CA-25-114993 is still pending. The issues presented in this complaint are the subject of a state court civil matter, which are of paramount state interest. And there is no suggestion in the complaint that any purported claim in this federal lawsuit is barred in the state action. This Court must therefore abstain from exercising jurisdiction over Plaintiff's claims as they relate to his pending appeal in the Eighth District Court of Appeals.

## V. Conclusion

Accordingly, Defendant's motion to dismiss is granted in part. All claims concerning Credit Card No. 3555 are dismissed pursuant to Fed. R. Civ. P. 12(b)(6). And the proceedings in this case concerning Credit Card No. 4672 are stayed pending the conclusion of *JPMorgan Case Bank, N.A. v. Yoo*, No. CV-24-994293 (Cuy. Cty C.P. filed Mar. 12, 2024), including all appeals. *See Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("In the context of a complaint seeking 'both equitable [relief] and money damages,' . . . 'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law.'") (quoting *Superior Beverage Co., Inc. v. Schieffelin & Co.*, 448 F.3d 910, 913-14 (6th Cir. 2006)).

This case is administratively closed, subject to reopening upon a written motion to reopen filed by Plaintiff demonstrating that the state court case listed above and all appeals in that case have been resolved or concluded. No claims or defenses are waived as a result of the stay. All pending motions are denied without prejudice to refiling in the event the case is reopened. Because this case is stayed, from this point forward, the only motion that the Court will entertain is a motion to reopen that demonstrates that the state court case (including all appeals) has been resolved. Until a motion to reopen is granted, no other filings will be considered by the Court.

**IT IS SO ORDERED.**

DONALD C. NUGENT
United States District Judge

DATED: June 5, 2025

-8-